UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PRAMCO II, LLC, | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | Case No. 02-1248 |
| | ) | |
| Edward Childers, | ) | |
| Defendant | ) | |

**JUDGMENT ORDER**

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. A bench trial was held in this matter on August 24, 2005, and the parties have submitted proposed findings of fact and conclusions of law.

On September 11, 1990, defendant Edward Childers executed and delivered to Peoria 502/503, Inc. a United States Small Business Administration Certified Development Company Program "504" Promissory Note (hereinafter "Note") in the original principal amount of $415,000. The Note and all corresponding documents were subsequently assigned to the United States Small Business Administration (hereinafter "SBA"). The SBA subsequently assigned the Note and all corresponding documents to the original plaintiff fin this action LPP Mortgage LTD. On or about May 26, 2004, LPP assigned the Note and all corresponding documents to the current plaintiff and the current owner and holder of the Note, PRAMCO II.

The Note is payable in equal monthly installments at a definite time, with a final due date of October 2012. The Note is not payable on demand. The Note contains an obligation for Childers to pay all expenses including but not limited to attorney's fees and

costs incurred in connection with the satisfaction off the indebtedness due and owing under the Note.

The last payment made on the Note by Childers was on or about April 12, 1995 in the amount of $50,000.  An Agreement (Plaintiff's Exh. 13) dated April 12, 1995 between the SBA and Childers memorializes that payment.  The Agreement states that the underlying debt and the Note were not extinguished by virtue of the payment but rather remained in full force and effect; the Agreement further states that the SBA retained its legal remedies to collect on the Note.

There is no dispute that Childers is in default of his obligations to pay under the terms of the Note, nor is there a dispute that he has consistently failed to pay the amounts due under the terms of the Note.  There is also no dispute that it was necessary for plaintiff to hire the services of an attorney to prosecute this claim.  The original plaintiff LPP filed this suit on July 19, 2002 seeking recovery of the amounts due under the Note.  Defendant raised as an Affirmative defense that the claim was barred by the Illinois statute of limitations, 810 ILCS 5/3-118(a), asserting that some time between 1994 and 1996 the Note was accelerated by the SBA.

Whether there was an acceleration of the Note is the sole disputed issue in this case: if it was accelerated, then this action is time barred in whole or in part.  If it was not accelerated, then defendant has no defense to this action.  I conclude that there was no acceleration, based on the following findings of fact and conclusions of law.

Alan Kilgore was the sole SBA official responsible for this Note.  His credible testimony at trial established that SBA procedures for acceleration required that a particular letter be sent to the debtor via certified mail advising the debtor of the default and

demanding immediate payment of the entire outstanding balance.  An example of such a letter (Plaintiff's Exh. 10) was entered into evidence.  Mr. Kilgore plainly testified that no such letter was ever sent by the SBA on the Childers Note.  Furthermore, no other action was taken to accelerate the Note.

In fact, there is direct evidence to support Kilgore's testimony.  Plaintiff's Exh. 9 is a Nov. 6, 1996 letter sent to Childers by Kilgore after the Agreement was signed.  In that letter, Kilgore states that the SBA was open to settlement negotiations.  Such an offer would be wholly inconsistent with acceleration.  Moreover, defendant himself testified that Kilgore never demanded payment in full under the Note.  Finally, Childers was unable to produce any written document to support a claim of acceleration.

I therefore conclude that no acceleration of the Note occurred.  Pursuant to 810 ILCS 5/3-118(a), any payments due but not paid before July 19, 1996 (i.e. more than 6 years before this suit was filed) are barred; any payment due but not paid after that date are not time barred.  I find that the principal balance due and owing from July 19, 1996 up to and including the date of trial is $317,184.63, with accrued interest of $281,975.49.  I further find that plaintiff incurred reasonable attorneys fees in the amount of $15, 925.25 and costs in the amount of $240.45.

Accordingly, the Clerk is directed to enter judgment in favor of plaintiff and against the defendant in the total amount of $599,160.12 plus costs of $240.45 and attorney's fees of $15,925.25.

ENTER this 4th day of October, 2005.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE